LESLIE H. SOUTHWICK, Circuit
Judge, concurring:
I agree with the result reached by the majority. This separate opinion is to express my concern about points in the analysis of the departure bar.
As the majority notes, there is little authority addressing our factual situation. Toora departed the country after the Notice to Appear was served but prior to an order of removal by the immigration judge. The BIA concluded that a prerequisite for the departure bar was that an order of removal have been entered. Therefore, there was no bar.
The majority concludes otherwise. It refers for persuasive support to an opinion from another circuit. Shah v. Mukasey, 533 F.3d 25 (1st Cir.2008). This case sustained a BIA decision that applied the departure bar to facts that are said to be similar. The First Circuit indicated that Shah alleged he was in Canada when the Notice to Appear was sent to his known domestic address. Id. at 26. The opinion also stated, though, that Shah acknowledged he departed during the pendency of the proceedings. Id. The factual statement — Shah was in Canada — and the legal acknowledgment are potentially inconsistent. The government’s filing the Notice to Appear with the immigration court is what begins the removal proceedings, with service required upon the alien. 8 C.F.R. § 1003.14(a). Only if the alien departs during the pendency of the proceedings, not before they even begin, does the bar apply. Singh v. Gonzales, 412 F.3d 1117, 1121 (9th Cir.2005). Whatever actually *289 happened, Shah does not form a significant part of the majority’s analysis.
Shah aside, there are two questions here. One is whether there is any ambiguity in the departure bar regulation. If there is, the question becomes whether to give deference to an interpretation by the administrative authority. Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 842-43, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). I agree with the majority that the regulation in isolation appears fairly clear on this point. The BIA, though, concluded in an opinion issued after a remand of another case from this court, that if “the departure bar rule is examined in context,” some ambiguity in the literal meaning arises. In re Armendarez-Mendez, 24 I & N Dec. 646, 651 (BIA 2008). The context was largely the statutes on which the authority to issue the regulation was based. Id.
Deference is particularly appropriate to an agency’s interpretation of its own regulations. Ovalles v. Holder, 577 F.3d 288, 292 (5th Cir.2009) (discussing the departure bar regulation). We give “considerable legal leeway” to the agency. Navarro-Miranda v. Ashcroft, 330 F.3d 672, 675 (5th Cir.2003). That does not mean we ignore the requirement of ambiguity, or allow irrational interpretations. I note, though, that the BIA in Armendarez-Mendez relied in part on a Supreme Court opinion in support of its view that ambiguity existed: “The meaning — or ambiguity— of certain words or phrases may only become evident when placed in context”. Armendarez-Mendez, 24 I & N Dec. at 651 (quoting FDA v. Brown & Williamson Tobacco Corp., 529 U.S. 120, 132, 120 S.Ct. 1291, 146 L.Ed.2d 121 (2000)).
It could be that the position taken by the BIA in this case could be understood, as Armendarez-Mendez said in rejecting another literal reading, when the context for the regulation is examined. Because reviewing all parts of the statutory or regulatory scheme and making them fit -is part of determining meaning, I find nothing improper about such an analysis.
The problem is that the BIA has not engaged in any such careful or even binding review of the regulation in this case. Instead, in a brief order without this kind of analysis, a single member of the board concluded that the departure bar required an order of removal by the immigration judge prior to the departure. Single-member orders are permitted by the governing regulations. See, e.g., 8 C.F.R. § 1003.1(d)(2), (e)(4), and (e)(5). Such single-member decisions, though, have no precedential force at the BIA. It takes a majority vote of the Board to make a particular decision of a three-member panel or the en banc Board a precedent. Id., § 1003.1(g). The order entered in Toora’s appeal by the BIA is not precedential. It is a poor candidate for any deference. I give it none.
Another relevant BIA decision is precedential. Armendarez-Mendez, 24 I & N Dec. 646. In well-explained analysis, it held the departure bar to be ambiguous for some purposes once the context for the language was understood. Id. at 650-51. We are not called upon here to determine if that is correct. Even if it is, there is not then any interpretation to which we owe deference that the bar only applies when departure occurs after an order of removal.
The BIA may be of that view, though. Other decisions have at times quoted the departure bar, which does not refer to an order of removal, then explained it in terms of a departure after an order of removal. E.g., Armendarez-Mendez, 24 I & N Dec. at 648 (“We have reiterated that construction of the rule in an unbroken string of precedents extending over 50 *290 years, consistently holding that reopening is unavailable to any alien who departs the United States after being ordered removed”); In re G-N-C, 22 I & N Dec. 281, 288 (BIA 1998) (“[T]he Board lacks jurisdiction over a motion to reopen after the respondent’s departure from the United States pursuant to a final order of deportation.”) One reason this may be so is suggested by the concept that departure executes the removal order; if there is no order, the departure does not create a bar.
As a rule, once an alien has been removed, his underlying removal order is deemed executed, the proceedings that led to that order are consummated, and whatever immigration status the removed alien may have possessed before departure is vitiated.
Armendarez-Mendez, 24 I & N Dec. at 656 (citing Mrvica v. Esperdy, 376 U.S. 560, 563-64 & n. 4, 567-68, 84 S.Ct. 833, 11 L.Ed.2d 911 (1964)). However, these indications are insufficient both in clarity and in explanation to raise considerations of deference.
I concur that the departure bar applies on these facts.